HENRY HEIL *v* HERMAN ESSELMAN.

Contracts—Written—Unsigned—Evidence of Parol Agreement.

> A written contract, unsigned, may be referred to as containing the agreement between the parties with as much crtainty, if not more, than the mere recollection of witnesses, and may be regarded as the establishment of a parol agreement.

Same—Extra Work—Price—Original Agreement.

> So far as the work was done under the original agreement, it should be enforced and as far as there was an expressed agreement for altrations, this should be likewise enforced, and for such extra work as was not expressly agreed for, it should be allowed so far as its value can be estimated by the work embraced in the original contract.

LOUISVILLE CHANCERY.

November 22, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

It is apparent from the evidence that there was an express contract between these parties as to the price for which appellee was to build for appllant the house, and that the terms of this contract was reduced to writing by appellee and delivered to appellant, but which was not signed by him, notwithstanding which, it being proved to contain the stipulations of the contract, may be referred to as containing the agreement between the parties with as much certainty, if not more, than the mere recollection of witnesses and must at least be regarded as the establishment of a parol agreement. It also appears that afterwards the house was enlarged, for which appellant was to pay the additional sum of one hundred and fifty dollars.

It further appears that the brick wall was originaly to be nine inches thick, and that appellant directed the brick workman to make it thirteen inches thick, and he would pay therefor.

According to the rules recognized by this court in Western *v* Sharp, 14 B. Mon., 178 and Woodbury *v* Jones, 11 B. Mon., 168, the original agreement, so far as work was done under it, should be enforced, and so far as there was an express agreement for alterations this should likewise be enforced, and for such extra

work as was not expressly agreed for, it should be allowed for as not within the express contracts, but so far as its value can be estimated by the work embraced within the express contracts it should be so done, upon the presumption that both parties intended to be governed by such prices.

But as no specifications or bill of prices of the original building, as contemplated by the first plan, appears in the record it may be proper to allow for the increased thickness of the walls and such other extra work, not included in the enlargement of the house, as may have been done at customary prices at the time the work was done, unless appellant can show by evidence what were the prices of the different character of work it was originally undertaken at, in which case those prices should govern.

One hundred and fifty dollars for the enlargement of the house should be allowed as expressly agreed on by the parties ,to be added to the original contract price of $2375, subject to the credits as claimed by appellant and conceded by appellee.

It was proper to reject the receipt for $1090, and in place thereof to allow a credit for $190, as paid, the day it bears date.

As the chancellor erred in adopting a different criterion for appellee's compensation, in building the house, the judgment is reversed, with directions to ascertain the amount due him as herein indicated, this being the only error perceived in the judgment.

*Muir & Bijuir, for appellant.*

*Pope, for appellee.*